# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Judge Christine M. Arguello

Civil Action No. 18-cv-01280-CMA-MEH

GEORGE CHRISTOPHER ASH,

    Plaintiff,

v.

AURORA PUBLIC SCHOOLS,

    Defendant.

---

## ORDER GRANTING DEFENDANT'S PARTIAL MOTION TO DISMISS PLAINTIFF'S AGE DISCRIMINATION CLAIM
_____

The matter before the Court is Defendant Aurora Public Schools' ("APS") Partial Motion to Dismiss Plaintiff George Christopher Ash's claim arising under the Age Discrimination in Employment Act.[1] (Doc. # 13.) For the following reasons, the Court grants APS' motion.

## I.    BACKGROUND

Mr. Ash filed a lawsuit against APS on May 24, 2018, asserting state and federal claims of discrimination based on, race, disability, gender, and retaliation under the Age Discrimination in Employment Act ("ADEA"), Americans with Disabilities Act, Title VII of the Civil Rights Act, 42 U.S.C. Section 1981, and the Colorado Anti-Discrimination Act.

---

[1] The Court notes that this case has been stayed pursuant to the Court's order on December 10, 2018. (Doc. # 25.) Although the Court stayed the proceedings pending Plaintiff's receipt of a right to sue letter from the EEOC, the Partial Motion to Dismiss Plaintiff's Age Discrimination Claim is fully briefed and ripe for ruling, thus the Court is issuing this order.

(Doc. # 1.) The following facts are drawn from the Complaint and are taken as true for the purposes of the instant motion.

Mr. Ash is a 53-year-old African American male who was hired in July 2014 as a sixth-grade social studies teacher at East Middle School, which is in the Aurora Public Schools District. (Doc. # 1 at ¶¶ 1, 4, 6.) He alleges that, after a change in administration at East Middle School, APS began "engaging in a pattern and practice of discrimination and retaliation against older African American male employees during the 2015-2016 school year [that] worsened thereafter." (*Id.* at ¶ 14.) "[S]chool district employees who were not older African-American male[s] . . . received more favorable treatment than older male African American employees with respect to assignments, contracts, promotions, working conditions, and other terms and conditions of employment." (*Id.* at ¶ 15.) In short, Mr. Ash asserts a disparate treatment claim of age discrimination under the ADEA.

Mr. Ash "was subjected to an atmosphere that condoned and encourages [sic] discrimination against him on the basis of age," including being asked to "either resign, or his employment would be terminated by his not being renewed." (*Id.* at ¶¶ 17, 21.) He was harassed by his supervisor in retaliation for "his engaging in protected activity, and [he] was discriminated against in the way that he was treated in the workplace, including the adverse manner in which he was treated leading to his suffering an eye injury on April 26, 2017 which caused him to go out on workers compensation injury leave, all relating to his age." (*Id.* at ¶ 22.)

Mr. Ash further alleges he was "threatened" by the Assistant Principal in a classroom setting when he expressed his discomfort with participating in mediation with

2

a student who harassed him. (*Id.* at ¶ 23.) Another administrator told him that "another older African American male teacher at the same school should have his black card taken away because he was unable to handle unruly students." (*Id.* at ¶ 31.) Mr. Ash was assigned "more challenging students, some of whom were on probation and some of whom posed real physical danger to teachers and [APS] would not approve Mr. Ash's requests to transfer students out of his class," while "other [white] members of the sixth grade Social Studies Team . . . were treated more favorably than Mr. Ash." (*Id.* at ¶¶ 24, 31.)

Additionally, after being diagnosed with diabetes, Mr. Ash was reprimanded for taking excessive leave for medical treatment. (*Id.* at ¶ 18.) Mr. Ash also alleges he was refused disability accommodation and was refused reimbursement from APS's "Health Leave Bank." (*Id.* at ¶ 19.)

In March 2017, school administrators notified Mr. Ash that he would not be rehired for the 2018-2019 school year due to unsatisfactory work performance. (*Id.* at ¶ 26.) Mr. Ash then filed a charge of discrimination with the Colorado Civil Rights Division and the Equal Employment Opportunity Commission on April 18, 2017, and he received his Right to Sue letter on February 27, 2018. (*Id.* at ¶ 9.)

On August 6, 2018, APS filed the instant Partial Motion to Dismiss Plaintiff's Age Discrimination Claim contending that Mr. Ash has failed to allege any facts that plausibly state an age discrimination claim. (Doc. # 13.) On August 24, 2018, Mr. Ash filed his Response (Doc. # 16) and APS filed its Reply on September 7, 2018 (Doc. # 19).

Specifically, APS argues that Mr. Ash's conclusory statements in his Complaint fail to either establish that he performed satisfactory work or demonstrate that he

3

suffered an adverse employment action in favor of someone younger. (Doc. # 13 at 4–5.) By contrast, Mr. Ash argues that dismissal of his age claim is unwarranted because he has pleaded enough facts to establish a prima facia case of age discrimination. (Doc. # 16 at 4–8.) In the alternative, Mr. Ash requests that this Court allow him a reasonable period of time to amend his complaint. (*Id.* at 2.)

## II. LAW GOVERNING A MOTION TO DISMISS

The purpose of a motion to dismiss under Rule 12(b)(6) is to test "the sufficiency of the allegations within the four corners of the complaint." *Mobley v. McCormick,* 40 F.3d 337, 340 (10th Cir. 1994). A complaint will survive such a motion only if it contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). "The question is whether, if the allegations are true, it is plausible and not merely possible that the plaintiff is entitled to relief under the relevant law." *Christy Sports, LLC v. Deer Valley Resort Co., Ltd.*, 555 F.3d 1188, 1192 (10th Cir. 2009).

When deciding a Rule 12(b)(6) motion, a court must accept all the well-pleaded allegations of the complaint as true and must construe them in the light most favorable to the plaintiff. *Williams v. Meese*, 926 F.2d 994, 997 (10th Cir. 1991). Nevertheless, a complaint does not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly,* 550 U.S. at 557). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991).

4

## III. **DISCUSSION**

It is unlawful for any employer to refuse to hire, fire, or otherwise discriminate against an individual with respect to the compensation, terms, conditions, or privileges of his employment because of that individual's age. 29 U.S.C. § 623(a)(1). "To establish a disparate-treatment claim under the plain language of the ADEA, . . . a plaintiff must prove that age was the 'but-for' cause of the employer's adverse decision." *Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 177 (2009) (citing *Bridge v. Phoenix Bond & Indem. Co.*, 553 U.S. 639, 653 (2008)) (further citation omitted). Although Plaintiff need not allege that his age was the sole motivating factor for his termination, he must allege that "age was the factor that made a difference" in causing the adverse action. *Jones v. Oklahoma Cty. Pub. Schs.*, 617 F.3d 1273, 1277-78 (10th Cir. 2010) ("an employer may be held liable under the ADEA if other factors contributed to its taking an adverse action, as long as age was the factor that made a difference").

In cases relying on circumstantial evidence, "plaintiffs may use the *McDonnell Douglas* . . . analysis to prove age discrimination under the ADEA." *Jones*, 617 F.3d at 1278; *see McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). Under that analysis, a plaintiff bears the initial burden of setting forth a prima facie case that: "1) [he] is a member of the class protected by the [ADEA]; 2) [he] suffered an adverse employment action; 3) [he] was qualified for the position at issue; and 4) [h]e was treated less favorably than others not in the protected class." *Sanchez v. Denver Pub. Schs.*, 164 F.3d 527, 531 (10th Cir. 1998). Throughout the analysis, "[t]he plaintiff . . . carries the full burden of persuasion to show that the defendant discriminated on [an]

5

illegal basis." *Id.* (quoting *Bryant v. Farmers Ins. Exch.*, 432 F.3d 1114, 1125 (10th Cir. 2005)).

The parties do not dispute that Mr. Ash demonstrated he was a member of the class protected by the ADEA. Instead, APS argues that Mr. Ash did not sufficiently plead enough facts to indicate he performed satisfactory work or that he suffered an adverse employment action in favor of a younger person. (Doc. # 13 at 5–8.) The Court agrees.

Mr. Ash has failed to allege enough facts to support a claim that his age was the "but-for" cause of his termination. Additionally, Mr. Ash has failed to allege facts showing that he performed satisfactory work, and he has failed to articulate *how* he was treated less favorably than his younger colleagues. The only allegations Mr. Ash asserts regarding disparate treatment on account of age are as follows: APS knowingly and intentionally engaged in a pattern and practice of discrimination against Mr. Ash because of his age (Doc. # 1 at ¶¶ 14, 31); employees who were not older African American males were treated more favorably with respect to assignments, contracts, promotions, working conditions, and other terms and conditions of employment (*id.* at ¶ 15–16); an administrator named Yvette Roaf-Bess told Mr. Ash that another older African American male should have his black card taken away for failing to control students (*id.* at ¶ 31); and Mr. Ash suffered other discriminatory and unlawful treatment (*id.*).

Mr. Ash does not identify *how* APS employed a pattern of discrimination on the basis of his age, nor does he identify *how* younger employees were treated more favorably. He also fails to mention *how* the unspecified contracts, assignments, and

6

working conditions are more favorable for younger employees. Further, Mr. Ash does not indicate that he was asked to resign *because* of his age or allege that his age was a motivating factor behind his termination.

Mr. Ash also states that he has satisfactorily performed his job, (*id.* at ¶ 13) but he does not provide any more facts to support this conclusory statement. Courts disregard conclusory statements and look only at factual allegations that provide a plausible basis for liability when examining a complaint under Rule 12(b)(6). *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012). Further, although Mr. Ash identifies a single administrator who made one derogatory comment, he fails to articulate whether that individual had any role in management or the determination of whether he was retained as an employee. "Stray remarks," otherwise known as isolated or ambiguous age-related comments, are not material in showing whether employer's actions were based on age discrimination. *Cone v. Longmont United Hosp. Ass'n*, 14 F.3d 526, 531 (10th Cir. 1994) (finding isolated age-related comments made by personnel who were and were not involved in an employee's termination were insufficient to show age discrimination because the plaintiff failed to allege a nexus between the comments and her termination); *see also Stone v. Autoliv ASP, Inc.*, 210 F.3d 1132, 1140 (10th Cir.2000) (holding supervisor's comments that "at [employee's] age, it would be difficult to train for another position" or "difficult to find a new job" were too abstract to support an inference of age discrimination).

Moreover, Mr. Ash fails to allege a nexus between the allegedly derogatory comment—or any other allegedly discriminatory treatment—and his ultimate termination; the Court is simply left to assume that one exists. *Id.* at 1194 (affirming

order granting employer's motion to dismiss and stating "there is nothing other than sheer speculation to link . . . the termination to a discriminatory or retaliatory motive").

For Mr. Ash's age discrimination claim to be plausible, he would need to allege additional facts establishing that his age and his treatment relative to younger employees (rather than his disabilities, medical leave, or conflicts with administrators and students) were factors that led to his termination.

Instead, Mr. Ash asserts that this is a mixed motive case where he has alleged that the determining factors of his age, race, gender, and disabilities were collectively co-motivating factors which resulted in the discrimination and harassment perpetrated against him. (Doc. # 1 at ¶ 32.) However, while his allegations may be adequate to support his other claims of discrimination and retaliation, they are insufficient to demonstrate age discrimination.

## IV. CONCLUSION

Based on the foregoing, the Court GRANTS APS' Partial Motion to Dismiss Mr. Ash's Age Discrimination Claim. (Doc. # 13.) Mr. Ash's age discrimination claim is DISMISSED without prejudice. Mr. Ash shall have until 30 days after the stay is lifted to refile his age discrimination claim. Should Mr. Ash fail to amend his claim within 30 days of the stay being lifted, the claim will be dismissed with prejudice.

DATED: January 10, 2019

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge